J-A07018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLEN ORGAN COMPANY, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BT STONE HILL, LP | : | |
| | : | No. 1700 EDA 2024 |
| v. | : | |
| | : | |
| WOLVERINE CONSTRUCTORS, INC., WILKINSON AND ASSOCIATES, INC., LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., AND THOMAS DREDGE, P.E. | : | |
| | : | |
| APPEAL OF: BT STONE HILL, LP | : | |

Appeal from the Order Entered May 23, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2020-C-0964

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 31, 2025**

Appellant, BT Stone Hill, LP, appeals from the order entered on May 23, 2024. We dismiss this appeal as moot.

In 2020, Plaintiff Allen Organ Company, LLC ("Plaintiff") filed a complaint against Appellant, essentially alleging that Appellant breached its contract with Plaintiff and that, as a result of this breach, Plaintiff incurred substantial monetary damages. **See** Plaintiff's Second Amended Complaint, 11/24/21, at ¶¶ 1-135. Appellant then joined Wolverine Constructors ("Wolverine") as an

additional defendant and Wolverine joined, as additional defendants, Wilkinson & Associates, Inc., Langan Engineering and Environmental Services, Inc. ("Langan"), and Thomas Dredge, P.E. **See** Plaintiff's Petition to Enforce Settlement Agreement, 3/6/24, at ¶¶ 3-4.

On April 21 and 24, 2023, all parties entered into a settlement agreement ("Settlement Agreement") to resolve the underlying dispute. Paragraph 17 of the Settlement Agreement declares:

> **Dispute Resolution.** In the event that any disputes arise during the course of effectuating this Settlement that cannot be resolved by the Parties in good faith, then the Parties agree to refer the dispute to Hon. Magistrate Judge Thomas J. Rueter (ret.) for a non-binding mediation, or another mediator mutually acceptable to the Parties, before filing any action for enforcement of the terms with each side paying their own respective attorneys' fees and costs. In the event that the mediation is unsuccessful, any disputes as between [Plaintiff] and [Appellant] will be decided by binding arbitration pursuant to the rules of JAMS. It is further agreed as between [Plaintiff] and [Appellant] that the prevailing party at arbitration shall be entitled to recovery of reasonable attorneys' fees and costs.

Settlement Agreement, 4/21/23, at ¶ 17.

On March 6, 2024, Plaintiff filed a Petition to Enforce Settlement Agreement, where it claimed that Appellant had breached the Settlement Agreement in several ways.[1] Plaintiff's Petition to Enforce Settlement Agreement, 3/6/24, at ¶¶ 9-10 and 20. The trial court held a hearing on the

_____

[1] Wolverine also filed a cross-petition to enforce settlement agreement.

- 2 -

Petition to Enforce Settlement Agreement on May 21, 2024 and, at the conclusion of the hearing, the trial court found the following:

> The uncontradicted evidence presented at the May 21, 2024 hearing demonstrated that [Appellant] materially breached the Settlement Agreement (in at least) six separate ways.[fn.1]
> . . .
>
> > [fn.1] To wit, by: (1) failing to correct conservation district violations as required by section 8 of the Settlement Agreement; (2) breaching the confidentiality requirement in section 11 of the Settlement Agreement; (3) breaching the non-disparagement requirement in section 12 of the Settlement Agreement; (4) failing to sign the release required by section 6G of the Settlement Agreement; (5) failing to pay [Wolverine's] invoice as required by section 6B of the Settlement Agreement; and (6) refusing to engage in the mediation required by section 17 of the Settlement Agreement.
>
> Furthermore, the uncontradicted evidence presented at the hearing demonstrated that under the Settlement Agreement, [Wolverine] was responsible for the costs of the work necessary to create the 25' space between the "toe" of the outside swale berm and the "HVAC pad," and [Appellant] was responsible for the costs associated with the additional work to the inside of the swale, including any additional work made necessary by "other conditions occur[ring] during construction." Furthermore, the uncontradicted testimony presented at the hearing demonstrated that [Appellant] acknowledged and agreed to [Wolverine's] performance of the work that resulted in the $44,552.48 invoice (and that exceeded the $13,000 to $18,000 qualified "preliminary" estimate contained in section 6 of the Settlement Agreement), and that the cost of the work underlying the invoice was properly payable by [Appellant] under the Settlement Agreement. Furthermore, the uncontradicted evidence presented at the May 21, 2024 hearing demonstrated that both [Plaintiff and Appellant] approved the work performed by [Wolverine] to the swale, thus entitling [Wolverine] to the benefit of the release contemplated by the Settlement Agreement. And

furthermore, the uncontradicted evidence presented at the hearing demonstrated that [Appellant] refused to cooperate in [Plaintiff's] attempts to mediate the parties' disputes over the Settlement Agreement.

Trial Court Opinion, 8/23/24, at 4 (citations omitted).

As the trial court explained, on May 23, 2024, it granted the Petition to Enforce Settlement Agreement by: "(1) ordering [Plaintiff] and [Appellant] to complete mediation within 45 days; (2) ordering [Plaintiff] and [Appellant] to sign a release in favor of [Wolverine]; and (3) ordering [Appellant] to pay $44,552.48 to [Wolverine]." *Id.* at 1-2; *see also* Trial Court Order, 5/23/24, at 1-2

Appellant filed a timely notice of appeal from the trial court's May 23, 2024 order and now raises the following claim on appeal:

Whether the trial court erred in directing [Appellant] to participate in a mediation with [Plaintiff] when the subject of the mediation will overlap with issues in the matter of *BT Stone Hill v. Borough of Macungie v. Allen Organ Company, LLC*, 2023-c-2913 (Lehigh County Ct. Comm. Pleas), and concern and require the approval of other interested parties who will not be present at the mediation[?]

Appellant's Brief at 7.

On appeal, the only issue raised by Appellant is that the trial court erred when it ordered Appellant to participate in mediation with Plaintiff. *See id.* During oral argument before this Court, however, Appellant admitted that the

parties have already completed the court-ordered mediation. Therefore, Appellant's claim on appeal is now moot.[2] We thus dismiss this appeal.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025

---

[2] As we have explained:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) (citations and quotation marks omitted).